IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALSTOM TRANSPORTATION INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:24-cv-02098-JMC ) |
| FEDERAL RAILROAD ADMINISTRATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION
TO STAY SUMMARY JUDGMENT PROCEEDINGS**

**INTRODUCTION**

This Administrative Procedure Act (APA) case was filed barely a month ago, yet plaintiff urges the Court to proceed directly to summary judgment, absent the filing of an administrative record -- despite the APA's requirement that the court "shall review" the record in resolving APA claims, 5 U.S.C. § 706, and despite the local rule requiring a "statement of facts with references to the administrative record," LCvR 7(h)(2) -- and without deciding fundamental threshold questions that could dispose of this case in its entirety.  Defendants' summary judgment response is currently due on August 15, 2024, *see* LCvR 7(b), but their response to the Complaint is not due until September 17, 2024.   Such expedited and out-of-sequence briefing is inappropriate and unnecessary.  *See* Fed. R. Civ. P. 1.  A stay of the summary judgment briefing will ensure that before responding to plaintiff's motion, defendants have sufficient time to respond to the Complaint, and to present any threshold defenses under Rule 12, especially given that no motion for a preliminary injunction has been filed claiming any irreparable injury, and no other basis for expedited treatment has been shown.  Accordingly, defendants' deadline to

respond to plaintiff's premature summary judgment motion in this APA case should be stayed pending resolution of defendants' anticipated motion to dismiss (or, if no such motion is filed, pending the filing of their Answer), and the certification of the Administrative Record.[1]

In the alternative, defendants move for an extension of the deadline to respond to plaintiff's motion for summary judgment until October 8, 2024, which is 21 days after defendants' existing September 17, 2024 deadline to respond to the Complaint. This will allow undersigned counsel—who was assigned to this case only days ago—to prepare the government's responsive papers and secure review by appropriate persons within the Departments of Justice and Transportation.

## BACKGROUND

The Federal-State Partnership for Intercity Passenger Rail Program ("FSP program") authorizes the Federal Railroad Administration ("FRA") to provide federal funding to expand or establish intercity passenger rail service. 49 U.S.C. § 24911; 89 Fed. Reg. 45934. To receive federal funding under the FSP program, a project must comply with FRA's "Buy America" requirement that the "steel, iron, and manufactured goods used in the project are produced in the United States." 49 U.S.C. § 22905(a); *id.* § 24911(i). FRA may grant a waiver of this requirement if the Secretary of Transportation determines that the steel, iron, and goods produced

---

[1] Given defendants' impending deadline of August 15 to respond to plaintiff's motion for summary judgment, defendants respectfully request expedited consideration of their motion to stay. This case was assigned to undersigned counsel only a few days ago, and nothing in the Complaint or plaintiff's motion for summary judgment indicated any urgency which might have triggered earlier handling than is normally contemplated by the service requirements of Fed. R. Civ. P. 4(i), and the 60-day answer deadline under Fed. R. Civ. P. 12(a)(2), both of which provide adequate time for a complaint to be routed to the appropriate component and office within the Department of Justice and then assigned to an attorney.

2

in the United States "are not produced in a sufficient and reasonably available amount or are not of satisfactory quality." *Id.* § 22905(a)(2)(B).

Following publication of the Notice of Funding Opportunity for the FSP program, FRA published a notice inviting high-speed rail project sponsors to voluntarily submit for FRA review their domestic sourcing and workforce development plans associated with FRA's Buy America requirements. 88 Fed. Reg. 17289. This would allow project sponsors to align the waiver process with the application review process to avoid potential delays given the complexity of and size of high-speed rail projects.  The Nevada Department of Transportation ("NVDOT") submitted an application for funding that expressed an intent to partner with Brightline West, a privately owned railroad, to advance a high-speed passenger system between Las Vegas, Nevada and Rancho Cucamonga, California.  88 Fed. Reg. 89015.

Consistent with FRA's notice, NVDOT and Brightline West submitted a domestic sourcing and workforce development plan, which described the materials that would be used for the project, and identified certain materials that could not be produced in the United States. Because the domestic sourcing and workforce development plan identified materials that are not produced in the United States, NVDOT and Brightline West also included a request for a waiver of FRA's Buy America requirements.  Brightline West also indicated to FRA that its procurement process for the project's trainsets was ongoing and Brightline West had not selected its preferred trainset vendor.  As such, the domestic sourcing and workforce development plan included two trainset proposals from the bidders that responded to Brightline West's request for proposals – Siemens Mobility Inc. and Alstom Transportation Inc.

FRA selected the project to receive funding under the FSP program.  88 Fed. Reg. 89015. In response to NVDOT and Brightline West's request, FRA published a proposed Buy America

3

waiver that included the two potential suppliers that had submitted proposals to Brightline West, plaintiff and Siemens. 88 Fed. Reg. 89105. Both plaintiff and Siemens indicated a need for a waiver for certain components that would not be produced domestically, 88 Fed. Reg. 89015; *see also* Compl. ¶¶ 28, 34 (plaintiff conceding it required a waiver of FRA's Buy America requirements). FRA received comments from interested parties, including Siemens and Alstom.

Following publication of the proposed waiver, Brightline West, the project sponsor, completed its procurement process, ultimately selected Siemens as its preferred rolling stock vendor for the project, and requested that FRA proceed with finalizing the Buy America waiver request for the first two Siemens trainsets and the other components identified in the proposed waiver. 88 Fed. Reg. 45934. FRA finalized the waiver for the selected vendor, Siemens, while noting that plaintiff's proposal also met the statutory criteria for a waiver based on domestic nonavailability. 88 Fed. Reg. 45936.

Plaintiff brought this action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, challenging FRA's decision to waive the Buy America requirements for the two trainsets that Siemens proposed to manufacture in Germany. Compl. ¶¶ 36, 39, 59. The grounds for plaintiff's claim are that if FRA had not granted the waiver regarding Siemens's proposal to manufacture the first two trainsets in Germany, plaintiff, as the only other bidder, might have been awarded the project. *Id.* ¶ 48. Plaintiff concedes that it too would require a Buy America waiver under its proposal, *id.* ¶¶ 28, 34, but claims it has already made significant investments to manufacture trains domestically, *id.* ¶ 43, and therefore has been adversely affected by FRA's decision, *id.* ¶ 48.

Plaintiff filed the Complaint on July 17, served it two days later, and filed a motion for summary judgment on August 1. Defendants' response to the Complaint is due on September

17, *see* Fed. R. Civ. P. 12(a)(2), and the Administrative Record need not be filed until that date should defendants move to dismiss, and absent further order of the Court. LCvR 7(n).[2]

Under the default provision of the local rules, Defendants' response to plaintiff's motion for summary judgment is due on August 15, 2024. LCvR 7(b).

## ARGUMENT

## SUMMARY JUDGMENT PROCEEDINGS SHOULD BE STAYED

The Court should stay the deadline to respond to plaintiff's summary judgment motion until defendants have an opportunity to properly respond to the Complaint, and the Court may resolve any threshold issues that defendants may raise pursuant to Rule 12. The Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In this case, the interests of fairness and efficiency counsel in favor of allowing defendants the chance to first respond to the Complaint under Rule 12, rather than rushing to respond to a premature motion for summary judgment, where plaintiff has provided no justification for departing from the ordinary course of litigation. *See, e.g.*, *Da'Vage v. D.C. Hous. Auth.*, 583 F. Supp. 3d 226, 233 n.5 (D.D.C. 2022) ("[T]his case remains at the pleading stage, and as such the Court is not yet in a position to evaluate the state of the record and any genuine disputes of material fact."); *Comm. on Ways & Means v. Dep't of Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019) ("This Court's general practice is to adhere to the traditional

---

[2] While it is premature to address at this moment, defendants note that courts in this District routinely extend the time to file an administrative record when such record is unnecessary to decide a dispositive motion to dismiss. *See, e.g.*, *Desai v. U.S. Citizenship & Immigr. Servs.*, No 20-cv-1005, 2021 WL 1110737, at *5 n.7 (D.D.C. Mar. 22, 2021).

litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment. This process allows the Court to assure itself of jurisdiction and address threshold matters before burdening the parties with the costs of discovery and briefing on the merits.").

Nothing in Rule 56 requires the parties and the Court to press forward with a summary judgment motion prior to the filing of a response to the Complaint. To the contrary, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). Earlier committee notes also stated that, "if a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due." *Id.* (2009 amendments).

Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Adjudicating motions under Rule 12(b) thus helps to streamline the case by ensuring that "all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." Wright & Miller, § 1349; *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, 2011 WL

10959877, at *1 (D.D.C. Apr. 8, 2011), at *1 ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case."). Plaintiff should not be permitted to preempt defendants' rights under Rule 12 regarding the sequence and timing of their presentation of threshold defenses by filing a premature summary judgment motion.

For these reasons, district courts routinely defer consideration of motions for summary judgment pending a decision on threshold issues. *See, e.g.*, *Walker v. Kendall*, No. 22-cv-0119, 2022 WL 16758555, at * (D.D.C. Nov. 8, 2022) (briefing for summary judgment motion was stayed pending adjudication of motion to dismiss because resolution of the latter could moot the former); *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (consideration of plaintiff's motion for summary judgment was deferred "until [Court] was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017), Min. Order (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016); *West Va. v. HHS*, No. 14-cv-1287, 2014 WL 12803229, at *1 (D.D.C. Nov. 11, 2014) ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide," and "allow the Court to manage the orderly disposition of this case."); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (staying summary judgment briefing pending its ruling on motion to dismiss); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]").

A stay of summary judgment briefing is particularly appropriate so that summary judgment motions, if ultimately necessary, can be properly resolved on the administrative record.

Plaintiff's claims for substantive violations of the APA must be determined based on the administrative record, which the agency is charged with compiling. *See* 5 U.S.C. § 706 ("[i]n making the foregoing determinations [*i.e.*, whether there has been a violation of the APA], the court shall review the whole record or those parts of it cited by a party"); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record[.]"); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court."). Plaintiff concedes that summary judgment in APA cases shall be resolved based on the administrative record. *See* Mot. Summ. J. at 11 (an APA case is resolved "based on the 'evidence in the administrative record'") (citation omitted). And yet, because plaintiff moved for summary judgment in the absence of the administrative record, its motion fails to include the required "statement of facts with references to the administrative record," and more generally, cannot be based on the (not yet compiled) administrative record. LCvR 7(h)(2); *see West Va.*, No. 14-cv-1287 (RBW), 2014 WL 12803229, at *2 (staying summary judgment briefing as "premature" where motion for summary judgment was filed before administrative record was compiled and submitted). Plaintiff seeks to support its motion with various exhibits, *see, e.g.*, ECF No. 1 Exhibits A-C, but this unofficial, plaintiff-selected compilation of documents that it assumes will be part of the eventual record is not a valid substitute for the agency-certified administrative record against which the agency's actions must be evaluated.[3]

---

[3] If the Court is inclined to deny defendants' motion to stay, defendants ask that it grant their alternative request for an additional 21 days from the responsive pleading deadline of September

## CONCLUSION

For the foregoing reasons, briefing on plaintiff's motion for summary judgment should be stayed until after resolution of defendants' anticipated forthcoming motion to dismiss (or their filing of an Answer) and the filing of the administrative record.

Dated: August 12, 2024            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

*/s/ Lisa A. Olson*
LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12200
Washington, D.C. 20005
Telephone: (202) 514-5633
Email: Lisa.Olson@usdoj.gov
*Counsel for Defendants*

---

17 to file their cross-motion and opposition, in order to allow a reasonable time for the production of the administrative record and briefing of the substantive APA claims in this case.