**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALSTOM TRANSPORTATION INC.,<br>*Plaintiff*,<br>-against-<br>FEDERAL RAILROAD ADMINISTRATION; AMIT BOSE, solely in his Official Capacity as Administrator of the Federal Railroad Administration; UNITED STATES DEPARTMENT OF TRANSPORTATION; PETE BUTTIGIEG, solely in his Official Capacity as Secretary of Transportation,<br>*Defendants*. | Civil Action No. 1:24-cv-2098 |

**MEMORANDUM OPPOSING DEFENDANTS' MOTION TO STAY SUMMARY-JUDGMENT PROCEEDINGS AND PARTIALLY OPPOSING DEFENDANTS' MOTION FOR AN EXTENSION**

# TABLE OF CONTENTS

INTRODUCTION ..... 1

BACKGROUND ..... 3

ARGUMENT ..... 6

I. The summary-judgment proceedings should not be stayed. ..... 6

II. The Court should grant the Government a reasonable extension to oppose Alstom's motion and file any cross-motion for summary judgment. ..... 14

CONCLUSION ..... 15

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Albany Med Health System v. Health Resources and Services Administration*,
No. 1:23-cv-03252 (D.D.C. Oct 31, 2023)........................................................ 3, 8, 13

*American Hospital Ass'n v. Becerra*,
No. 4:23-cv-1110 (N.D. Tex. Dec. 11, 2023) ............................................................ 6, 7

*American Hospital Ass'n v. HHS*,
No. 1:18-cv-02112 (D.D.C. Sep 11, 2018)........................................................ 3, 8, 13

*Ass'n for Community Affiliated Plans v. United States Dep't of Treasury*,
392 F. Supp. 3d 22 (D.D.C. 2019)........................................................................... 6

*Baginski v. Lynch*,
229 F. Supp. 3d 48 (D.D.C. 2017)......................................................................... 11

*Camp v. Pitts*,
411 U.S. 138 (1973) ................................................................................................ 13

*Cierco v. Lew*,
190 F. Supp. 3d 16 (D.D.C. 2016), *aff'd on other grounds sub nom.*
*Cierco v. Mnuchin*, 857 F.3d 407 (D.C. Cir. 2017)................................................ 12

*Committee on Ways and Means v. U.S. Dep't of Treasury*,
2019 WL 4094563 (D.D.C. Aug. 29, 2019) ............................................................ 10

*Daniels v. United States*,
947 F. Supp. 2d 11 (D.D.C. 2013)......................................................................... 10

*Elevance Health, Inc. v. Becerra*,
No. 1:23-cv-3902 (D.D.C. Feb. 28, 2024) ................................................................ 7

*Fla. Power & Light Co. v. Lorion*,
470 U.S. 729 (1985) ................................................................................................ 13

*Freedom Watch, Inc. v. Dep't of State*,
925 F. Supp. 2d 55 (D.D.C. 2013)......................................................................... 11

*Humane Society of the United States v. Pritzker*,
75 F. Supp. 3d 1 (D.D.C. 2014)............................................................................... 6

*Kalshiex LLC v. CFTC*,
No. 1:23-cv-3257 (D.D.C. Nov. 30, 2023)........................................................... 6, 10

*Montgomery v. IRS*,
No. 17-cv-918 (D.D.C. Oct. 14, 2017) ........ 11

*New York v. United States Department of Labor*,
No. 1:18-cv-01747 (D.D.C. Jul 26, 2018) ........ 3, 6, 8, 13-14

*Nken v. Holder*,
556 U.S. 418 (2009) ........ 9

*Public Citizen, Inc. v. Trump*,
No. 1:17-cv-00253 (D.D.C. Feb 08, 2017) ........ 3, 8, 14

*Scan Health Plan v. HHS*,
No. 1:23-cv-3910 (D.D.C. Mar. 5, 2024) ........ 6, 12

*Texas Neighborhood Services v. HHS*,
172 F. Supp. 3d 236 (D.D.C. 2016) ........ 1, 6

*United States ex rel. Barko v. Halliburton Company*,
241 F. Supp. 3d 37 (D.D.C. 2017) ........ 9

*United Steel v. FHA*,
No. 13-1036 (D.C. Cir. July 8, 2023) ........ 10

*United Therapeutics Corp. v. Espinosa*,
No. 1:21-cv-1686 (D.D.C. July 7, 2021) ........ 7

*Walker v. Kendall*,
2022 WL 16758555 (D.D.C. Nov. 8, 2022) ........ 11

*West VA v. HSS*,
2014 WL 12803229 (D.D.C. Nov. 3, 2014) ........ 13

**Statutes**

49 U.S.C. § 22905 ........ 3, 4, 9

Federal Railroad Safety Administration,
Pub. L. 110-432 § 301, Oct. 16, 2008 (codified at 49 U.S.C. § 22902(a)) ........ 3

**Rules**

Fed. R. Civ. P. 56(d) ........ 8, 9

Fed. R. Civ. P. 12 ........ 8

LcVR 7(n) ........ 2, 4, 11, 12

**Other**

88 Fed. Reg. 89015 (Dec. 26, 2023) .......................................................................................... 4

# INTRODUCTION

The Court should reject the Government's unusual request for a stay, which seeks to impose delay and unjustified burdens upon the parties and the Court by unnecessarily mandating multiple rounds of motion practice despite only one round of briefing being necessary and standard in APA cases such as this one—which present solely legal questions based on an administrative record.

Courts have long-recognized that the appropriate mechanism for deciding challenges to agency action under the APA is immediate cross-motions for summary judgment. There is no discovery in APA actions, and the "entire case on review is a question of law," with the court simply reviewing the challenged agency decision in the light of the documentary administrative record and applicable law to determine if the agency exceeded its statutory authority or acted arbitrarily or capriciously. *E.g.*, *Texas Neighborhood Services v. HHS*, 172 F. Supp. 3d 236, 243 (D.D.C. 2016) (collecting cases). For this reason, APA cases usually proceed from complaint directly to cross-motions for summary judgment, without an answer even being necessary, and the Government can interpose any threshold objection such as to standing. This procedure preserves party resources and helps secure the speedy and inexpensive determination of an APA action, and has the added benefit of potentially avoiding motions for preliminary injunctions staying government action during the pendency of the APA challenge. Indeed, as far as we can tell, in the last APA case that this Court considered, the Government affirmatively moved for entry of a scheduling order bypassing the answer and going straight to cross-motions for summary judgment.

Consistent with that practice, Alstom filed a motion for summary judgment seeking a ruling that the Federal Railroad Administration (the "FRA") violated the APA by granting a waiver of Buy America requirements permitting another company to build two trainsets overseas for a government-funded project, when Alstom (the only other bidder) stood ready to build the trainsets

domestically. Unwilling to engage on the merits of that decision, the Government now seeks a radical departure from the usual procedure by staying Alstom's motion for relief.

The Government's stay motion is meritless. Although the Government asks the Court to stay the summary judgment motion until after it either files a motion to dismiss under Rule 12 or an answer, it never explains why the additional filings (and delay) are necessary. There is no possibility of discovery in this case, and the sole question concerns the adequacy and legality of the FRA's analysis of the relevant waiver issue, which consists of a couple of paragraphs in the waiver decision included with Alstom's complaint and summary-judgment motion. Nor does the Government identify any threshold issue that would need to be litigated, let alone one that could not be addressed in the standard way, through a cross-motion for summary judgment. Finally, the Government's statement that it needs time to compile the administrative record before the summary-judgment motion is wrong—the local rules require that ***excerpts*** be filed ***after*** briefing is complete, and Alstom's motion already cited and filed relevant portions. LcVR 7(n).

Even worse, while the Government attempts to stall this litigation challenging the legality of the FRA's waiver order, it has refused to stay the effectiveness of that order pending the litigation, and has yet to provide Alstom with any information about the status of any Government action under that waiver order. Alstom sought to move quickly so that this dispute can be resolved quickly, without unnecessarily delaying or disrupting the ongoing project, and so that the Court could adjudicate it without having to consider a motion for a preliminary injunction. The Government's motion for a stay of Alstom's motion—while refusing to stay the effect of the waiver order being challenged—is simply an invitation for more motion practice, as Alstom may well be constrained to seek a preliminary injunction, especially if Defendants threaten to proceed.

For these and other reasons, multiple courts in this District have denied similar Government motions to stay summary-judgment briefing, instead requiring the parties to proceed directly to dispositive cross-motions.[1] The Court should do the same—it should deny the Government's request for a stay, and grant the Government a reasonable extension to respond to Alstom's summary-judgment motion. The Government's alternate request for an almost eight-week extension—to October 8—is not reasonable given its refusal to stay the effectiveness of the waiver order and its failure to provide any support for such an extension. Rather, the Court should give the Government what Alstom already offered it—two more weeks (until August 29) to respond—without prejudice to seeking a longer extension later if appropriate.

## BACKGROUND

As detailed in Alstom's summary-judgment brief, Congress granted the Executive Branch authority to deploy federal funds for rail projects under the Federal-State Partnership for Intercity Passenger Rail Program (the "FSP Program"). *See* Federal Railroad Safety Administration, Pub. L. 110-432 § 301, Oct. 16, 2008 (codified at 49 U.S.C. § 22902(a)); Alstom Br. 3–4. Congress prescribed, however, that the Executive Branch could deploy funds only if the project complies with "Buy America Requirements," which mandate, among other things, that "manufactured goods used in the project are produced in the United States." 49 U.S.C. § 22905(a)(1). Congress also granted the Executive Branch limited authority to waive these requirements. Alstom Br. 4. As

[1] Order, ECF No. 19, *Am. Hosp. Ass'n v. HHS*, No. 1:18-cv-02112 (D.D.C. Nov. 2, 2018) (Bates, J.) (cleaned up) ("The Court agrees with plaintiffs that postponing summary judgment briefing pending the resolution of the government's anticipated motion to dismiss would not serve the orderly disposition of this case.); *see also, e.g.,* Order, *Albany Med. Health System v. Health Resources & Services Admin.*, No. 1:23-cv-03252 (D.D.C. Jan. 3, 2024) (Meta, J.) ("The court hereby directs the parties to meet and confer and negotiate a reasonable briefing schedule, which would consolidate Rule 12 grounds for dismissal, if any, with Rule 56 arguments for and against summary judgment."); Order, ECF No. 41, *New York v. U.S. Dep't of Labor*, No. 1:18-cv-01747 (D.D.C. Sept. 14, 2018) (Bates, J.) (denying motion to stay and ordering consolidated briefing on plaintiff's summary-judgment motion and defendants' motion to dismiss); Order, ECF No. 22, *Public Citizen, Inc. v. Trump*, No. 1:17-cv-00253 (D.D.C. May 23, 2017) (Moss, J.) (same).

relevant here, the FRA can waive the Buy America Requirements under a "nonavailability waiver" if "the . . . goods produced in the United States are not produced in a sufficient and reasonably available amount or are not of a satisfactory quality." 49 U.S.C. § 22905(a)(2)(B).

In this case, the FRA issued a nonavailability waiver in connection with a federally funded "high-speed passenger rail system [project] between Las Vegas, NV and Rancho, Cucamonga, CA" (the "Project"). Notice of Proposed Waiver, 88 FR 89015, 89015 (Dec. 26, 2023). More specifically, the FRA issued a waiver permitting the Project to contract for the purchase of trainsets manufactured abroad by Siemens Mobility, Inc., even though Alstom, the only other bidder, stood ready and able to produce all ten trains required by the Project domestically. Alstom Br. 6–10. With this waiver order issued, the Government may disburse funding in support of the Project and those funds could be deployed in a manner that, Alstom alleges, is contrary to law.

The FRA's waiver decision harmed Alstom in multiple ways. Compl. ¶ 48. For instance, had the FRA not acted unlawfully, Alstom "would be the only bidder who could legally supply rolling stock for the Project," and stood to receive millions of dollars of income. *Id.* And the FRA "deprived Alstom of the ability to participate in a legally valid procurement process." *Id.*

As a party "adversely affected" by the FRA's waiver decision, 49 U.S.C. § 22905(a)(10), Alstom filed a Complaint challenging the order under the APA, and served the U.S. Attorney on July 19, 2024, nearly one month ago. The Complaint explains how the FRA's waiver contravened the statute and was arbitrary and capricious—indeed, the trainsets cannot be said to be unavailable domestically when Alstom is able to produce them in the United States. Compl. ¶¶ 49–59.

As the instant case raises purely legal questions under the APA, and consistent with standard practice in APA cases, Alstom filed and served a summary-judgment motion setting forth

legal authority in support of the claims in the Complaint. Under the local rules, Defendants have until August 15 to respond, given that Alstom served its motion on August 1. LCvR 7(b).

Defendants' counsel first contacted Alstom's on the evening of Friday, August 9, stating that counsel "intend[ed] to file a motion to stay summary judgment proceedings until defendants have the chance to respond to the complaint and file the administrative record, and any threshold jurisdictional issues are decided." Exhibit A. Alstom responded that, "without knowing the nature of [Defendants'] dismissal arguments, or the status of any disbursement of funds on the project," Alstom could not agree to a stay of summary judgment proceedings, especially because there was no reason why any "threshold jurisdictional issues" could not be briefed at the same time as the merits. *Id.* Alstom also asked whether the FRA would agree to a stay of the waiver decision pending disposition of the case, as this would likely affect the schedule for the lawsuit. *Id.*

Defendants' counsel responded by saying that she would inquire from the agency, but also asked if, in the alternative to a stay of summary judgment, Alstom would oppose an extension to October 8, 2024, to respond to Alstom's motion. *Id.* Alstom replied that it needed to know whether the Government would "agree[] to a stay of the waiver order and any disbursement of funds on the project" before it could agree to such a long extension. *Id.* However, Alstom stated that it would be willing to stipulate to a 14-day extension as a matter of professional courtesy (and to discuss a potential longer extension, if appropriate, depending on the Government's position on the waiver order), while reserving all rights to expedite or move for a preliminary injunction if warranted. *Id.*

Yesterday afternoon, Defendants' counsel informed Plaintiff's counsel that the FRA would not agree to a stay of the waiver decision. Counsel also informed Plaintiff's counsel that no further information on the status of disbursements under the waiver order was available at the time.

Defendants then proceeded to file their motion, which seeks a stay of summary-judgment proceedings (although Defendants declined to agree to a stay of the waiver order).

## ARGUMENT

### I. The summary-judgment proceedings should not be stayed.

This Court has often recognized that "[s]ummary judgment is the appropriate mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and consistent with the APA standard of review." *Humane Soc'y of the United States v. Pritzker*, 75 F. Supp. 3d 1, 7 (D.D.C. 2014) (granting plaintiffs' motion and denying defendants' motion); *see also, e.g.*, *Ass'n for Comty. Affiliated Plans v. U.S. Dep't of Treasury*, 392 F. Supp. 3d 22, 29–30 (D.D.C. 2019) (same); *Texas Neighborhood*, 172 F. Supp. 3d at 243 (same).

Thus, standard practice in APA cases where a party challenges agency actions based on pure issues of law—as in this case—is for the parties to cross-move for summary judgment without the defendants filing a motion to dismiss, or even an answer. *See, e.g.*, Order, ECF No. 15, *Kalshiex LLC v. CFTC*, No. 1:23-cv-3257 (D.D.C. Nov. 30, 2023) (J. Cobb) (granting request for briefing schedule for cross-motions for summary judgment and waiving defendants' obligation to file an answer); Order, *Scan Health Plan v. HHS*, No. 1:23-cv-3910 (D.D.C. Mar. 5, 2024) (same). Under this standard procedure, the motion-to-dismiss phase is eliminated, and the Government raises any non-merit "threshold" objection in a cross-motion. Brief at 15–21, ECF No. 51, *Am. Hosp. Ass'n v. Becerra*, No. 4:23-cv-1110 (N.D. Tex. Dec. 11, 2023) (arguing the court lacks jurisdiction because agency action is not final); *see also* Brief at 5–13, ECF No. 22, *Am. Hosp. Ass'n v. HHS*, No. 1:18-cv-02112 (D.D.C. Nov. 13, 2018) (raising standing issues in opposition to summary judgment motion while simultaneously filing a motion to dismiss); Brief at 14–25, ECF No. 48, *New York v. U.S. Dep't of Labor*, No. 1:18-cv-01747 (D.D.C. Oct. 30, 2018) (filing a motion to dismiss/cross-motion for summary judgment arguing court should dismiss for lack of

jurisdiction while simultaneously opposing motion for summary judgment). In that regard, the procedure mirrors the practice in the Court of Appeals, where many APA challenges are filed (if appropriate under the relevant jurisdictional statutes); there, the aggrieved parties file a petition for review raising legal arguments, the Government files an opposition brief responding on the merits and raising any threshold issues, and there is a reply.

The standard procedure maximizes efficiency by avoiding an unnecessary round of motion practice, because only pure issues of law are at play. Order, ECF No. 22, *Am. Hosp. Ass'n*, No. 4:23-cv-1110 (N.D. Tex. Dec. 11, 2023) (granting request to proceed straight from complaint to summary judgment briefing "since the nature of [plaintiff's] case is solely a legal challenge"). The Government has recognized the benefits of this streamlined procedure in the many motions it has filed (usually joined by the plaintiff) seeking to set a briefing schedule consistent with standard practice. *See, e.g.*, Joint Mot., ECF No. 10, *United Therapeutics Corp. v. Espinosa*, No. 1:21-cv-1686 (D.D.C. July 7, 2021) ("The parties [including the Government] anticipate that this case should be decided on the basis of the administrative record and that this action most efficiently can be decided through cross motions presenting pure questions of law."); Joint Mot., ECF No. 9, *Elevance Health, Inc. v. Becerra*, No. 1:23-cv-3902 (D.D.C. Feb. 28, 2024) ("In an effort to avoid piecemeal briefing and additional motions practice regarding a motion for preliminary injunction, the parties have met and conferred regarding a proposed briefing schedule and respectfully request that the Court enter the briefing schedule proposed below.").

Although the Government often joins requests seeking to adopt this standard procedure, it does not always do so, but in those circumstances multiple courts have rejected Government efforts to sequence proceedings in the way the Government now attempts. Thus, multiple courts have denied Government motions to stay summary-judgment proceedings, even where threshold issues

might exist, and have ordered consolidated briefing on the ground that "in APA cases early summary judgment motions are often appropriate, as [t]he entire case on review is a question of law, and only a question of law." Order, ECF No. 19, *Am. Hosp. Ass'n v. HHS*, No. 1:18-cv-02112 (D.D.C. Nov. 2, 2018) (Bates, J.) (cleaned up) ("The Court agrees with plaintiffs that postponing summary judgment briefing pending the resolution of the government's anticipated motion to dismiss would not serve the orderly disposition of this case.); *see also, e.g.,* Order, *Albany Med. Health Sys.*, No. 1:23-cv-03252 (D.D.C. Jan. 3, 2024) (Meta, J.), ("The court hereby directs the parties to meet and confer and negotiate a reasonable briefing schedule, which would consolidate Rule 12 grounds for dismissal, if any, with Rule 56 arguments for and against summary judgment."); Order, ECF No. 41, *New York*, No. 1:18-cv-01747 (D.D.C. Jul 26, 2018) (Bates, J.) (denying motion to stay and ordering consolidated briefing on plaintiff's summary-judgment motion and defendants' motion to dismiss); Order, ECF No. 22, *Public Citizen, Inc.*, No. 1:17-cv-00253 (D.D.C. May 23, 2017) (Moss, J.) (same).

The Court should adhere to the standard practice in APA cases. There is simply no sensible reason to stay Alstom's APA challenge (brought by way of its summary-judgment motion) and to require the parties to engage in a preliminary round of motion practice (under Rule 12 of the Federal Rules of Civil Procedure), or to require an answer before summary judgment, with a potential round of briefing on a preliminary injunction thrown in given the Government's effort to delay while refusing to stay its waiver order.[2]

**First**, although the Government cites decisions in which this Court follows a "general practice" in "sequenc[ing] [the] complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment," those are *non*-APA cases. *See* Mot. 5-6. Rule 56 expressly

[2] Consistent with standard practice, Alstom would consent to waiving any requirement that the Defendants answer the Complaint.

contemplates that "a party may file a motion for summary judgment *at any time*," and, given the purely legal nature of the disputes in APA cases like this one, the timing of Alstom's motion is eminently sensible and in keeping with common practice. For its part, the Government has not tried to obtain an order "defer[ring] consider[ation] [of] the motion" under Rule 56(d) on the basis of purported factual disputes (which is unsurprising given that this is an APA case). Fed. R. Civ. P. 56(d) (contemplating deference of summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"); *United States ex rel. Barko v. Halliburton Co.*, 241 F. Supp. 3d 37, 70 (D.D.C. 2017) ("To succeed on a Rule 56(d) motion, the nonmoving party must 1) detail the particular facts he wishes to discover and explain why such facts are necessary, 2) explain why he could not produce such facts in his opposition to summary judgment, and 3) show that the information is discoverable"). Defendants indeed did not submit any affidavit or declaration, and do not identify any facts that could not be presented in a timely filed opposition to Alstom's summary-judgment motion. There is thus no warrant under the Federal Rules to defer consideration of the summary-judgment motion.

**Second**, although the Government cites the Court's general authority to manage its docket, the Government presents no reason rooted in equity, efficiency, or caselaw justifying a stay. The Government has not identified any threshold issue that would need to be resolved before the merits, let alone show that it is likely to succeed on a threshold objection, and even in its motion it says it might answer the complaint. *Cf. Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (discussing that a "traditional stay factor[]"is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"). No colorable threshold objection is apparent: Alstom is an "aggrieved" party entitled to seek judicial review under a statute enacted by Congress, 49 U.S.C. § 22905(a)(10), and the D.C. Circuit has ruled that this Court is the proper forum for resolution of

APA challenges to orders issued under the Buy America mandate, Order, *United Steel v. FHA*, No. 13-1036 (D.C. Cir. July 8, 2023). Moreover, this is not a "case present[ing] novel and complex questions about the privileges and authority of all three branches of the federal government," and there is zero risk of discovery. *Contra Committee on Ways & Means v. U.S. Dep't of Treasury*, 2019 WL 4094563, at *2–3 (D.D.C. Aug. 29, 2019). The Government thus identifies nothing that would need to be resolved before summary judgment is considered by the Court.

Even if the Government did come up with a threshold objection to the disposition of Alstom's APA challenge, it would still not follow that staying summary judgment so as to have a motion to dismiss before summary judgment would create any efficiencies, relative to one round of briefing. As discussed above, courts routinely combine briefing on threshold and merits issues for reasons of efficiency, including to avoid preliminary injunction issues. If the Government does have threshold objections, it can raise them in opposition to Alstom's motion, or in a cross-motion.

Indeed, less than a year ago, this Court approved a joint motion in an APA case between the plaintiff and the Government that sought, "in the interest of judicial economy," for their APA case to proceed directly to cross-motions for summary judgment, where any objection by the Government could be raised in a cross-motion. Brief at 2, ECF No. 14, *Kalshiex*, No. 1:23-cv-3257. The joint motion in *Kalshiex* also noted that the cross-motion schedule would have the added virtue of trying "to avoid burdening the Court with a preliminary injunction motion." *Id.* That is the situation here as well: although the Government seeks a stay of Alstom's motion, it has refused to agree to a stay of the waiver order that Alstom is challenging, and to date the Government has not provided information about the status of any disbursement of federal funds pursuant to the waiver order. By seeking a stay of the summary-judgment motion while refusing to stay its own hand, the Government is effectively inviting another round of briefing on a

preliminary injunction motion that would in all likelihood be avoided by a speedy resolution of Alstom's pending motion.

**Third**, the decisions cited by the Government ultimately do not support its position. Nearly all of them arise outside the context of the APA, and thus say nothing about when it is appropriate to deviate from the standard practice in APA cases—where parties routinely proceed straight to cross-motions for summary judgment. *E.g.*, *Baginski v. Lynch*, 229 F. Supp. 3d 48, 51–52 (D.D.C. 2017) (staying plaintiff's summary judgment motion in non-APA case on claim raising statutory and as-applied constitutional challenges to statute preventing felons from purchasing firearms when motion was filed after defendants filed motion to dismiss); *Daniels v. United States*, 947 F. Supp. 2d 11, 16 (D.D.C. 2013) (staying defendant's summary judgment motion in non-APA case pending resolution of defendant's motion to dismiss in action challenging a naval disciplinary action when summary judgment motion was filed in the alternative to motion to dismiss); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (staying plaintiff's summary judgment motion in a Freedom of Information Act case when motion was filed after defendants filed motion to dismiss); *Walker v. Kendall*, 2022 WL 16758555, at *2 (D.D.C. Nov. 8, 2022) (staying pro se plaintiff's summary judgment motion in non-APA case alleging employment discrimination when motion was filed after defendants filed motion to dismiss); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Oct. 14, 2017), Mot. to Stay; (D.D.C. Nov. 6, 2017) Min. Order (staying plaintiff's summary judgment motion in a Freedom of Information Act case when defendant filed a motion for summary judgment raising issues associated with a prior settlement between the parties).

As for the couple of cases the Government cites that do concern APA challenges, those cases involve highly unusual considerations justifying a departure from the normal practice that

are not present here. *See Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016) (granting motion to stay after Government argued plaintiffs "had failed to effect proper service, which, if it had been accomplished, would have precipitated a motion to dismiss" and ordered motion to dismiss be filed in about two weeks), *aff'd on other grounds sub nom. Cierco v. Mnuchin*, 857 F.3d 407 (D.C. Cir. 2017); *West VA v. HHS*, No. CV 14-1287, 2014 WL 12803229, at *1 (D.D.C. Nov. 3, 2014) (granting stay in fact-intensive case where plaintiff did not explain how it would "experience prejudice if the Court were to stay further summary judgment briefing").

**Finally**, Defendants' purported concern about the administrative record is a red herring. The Government suggests summary judgment should be stayed to permit the "agency-certified administrative record" to be compiled. Br. 8. But under the Local Rules, "[u]nless so requested by the Court, the entire administrative record shall ***not*** be filed with the Court." LcVR 7(n)(1) (emphasis added). The Rule instead directs parties to ***excerpt*** relevant portions of the record into an appendix, which is not due until "14 days ***following the final memorandum on the subject motion***." LcVR 7(n)(2). This Rule reflects the reality that a plaintiff can cite relevant portions of the record before the entire record is compiled, and so can the Government. *See* Memo at 6–20, ECF No. 20, *Scan Health Plan*, No. 1:23-cv-03910 (citing exhibits to declaration in lieu of officially complied administrative record in summary judgment motion).

The Government's purported objections are particularly weak given that it does not seriously contest that Alstom already included the relevant portions of the administrative record on its motion: the two orders of the FRA published in the federal register, and comments filed by Alstom with the FRA in response to one of those orders. *See* Br. 8. The only applicable requirement the local rules set out is that the agency "file a certified list of contents of the administrative record with the Court" at the time summary judgment is filed, but Alstom has not

suffered any prejudice from Defendants failure to do this and is happy to provide an extension of time for the Government to comply with that requirement. LcVR 7(n)(1). To the extent the Government wishes to rely on other portions of the administrative record, it may do so in its opposition. The government's cases on the administrative record are also inapposite. *See also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (emphasizing that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (same); *West Va. v. HHS*, 2014 WL 12803229, at *1–2 (D.D.C. Nov. 11, 2014) (expressing concern about submitting the full administrative record in complicated and fact-intensive case).

* * *

The Government's motion to stay summary-judgment proceedings should be denied for any one (or more) of the above reasons. It displaces the normal procedure in APA cases—cross-motions for summary judgment—with an inefficient procedure: multiple rounds of briefing on pure issues of law. The Government has not identified a reason under Rule 56(d) or the Court's inherent authority justifying such displacement. And in contrast to the many decisions that have denied similar government stay motions, the Government's cases are either mostly non-APA cases or outliers involving unusual circumstances justifying a slower pace. Those circumstances are not present here, but rather principles of equity and efficiency weigh in favor of moving forward. The Court should adhere to the standard practice and deny the motion to stay, just as multiple courts in this District have done. Order, ECF No. 19, *Am. Hosp. Ass'n v. HHS*, No. 1:18-cv-02112 (D.D.C. Nov. 2, 2018) (Bates, J.); Order, *Albany Med. Health Sys. v. Health Res. & Servs. Admin.*, No. 1:23-cv-03252 (D.D.C. Jan. 3, 2024) (Meta, J.); Order, ECF No. 41, *New York v. U.S. Dep't of*

*Labor*, No. 1:18-cv-01747 (D.D.C. Sept. 14, 2018) (Bates, J.); Order, ECF No. 22, *Public Citizen, Inc. v. Trump*, No. 1:17-cv-00253 (D.D.C. May 23, 2017) (Moss, J.) (same)

**II. The Court should grant the Government a reasonable extension to oppose Alstom's motion and file any cross-motion for summary judgment.**

Alstom does not oppose the Government's alternate motion for an extension of time, although it believes a shorter extension should be given. A short extension will give the Government additional time to prepare its opposition to Alstom's summary-judgment motion and to prepare any cross-motion. It would also permit the parties to discuss a comprehensive briefing schedule, and to further evaluate whether additional motion practice may be needed (on a preliminary injunction) in view of the Government's unwillingness (to date) to stay the waiver order being challenged by Alstom. This is why Alstom already offered the Government a two-week extension before the Government filed its stay motion. *See* Exhibit A.

The Government nowhere explains why it needs almost eight weeks (to October 8, 2024), three weeks beyond its existing deadline to respond to the complaint (September 17), especially given the short length of the FRA's waiver decision (five pages), the straightforward nature of the legal issues presented, and the Government's refusal to stay the order being challenged and preserve the status quo, pending litigation of the legality of the order.

The Court should grant the Government a two-week extension rather than permit such a lengthy delay and direct the parties to confer about ways to avoid the need for yet another round of briefing on a motion for a preliminary injunction.

## CONCLUSION

For the above reasons, the Court should adhere to the standard practice in this District and deny Defendants' motion to stay summary-judgment proceedings. It should also grant Defendants an extension of two weeks to respond to Plaintiff's motion for summary judgment (until August 29, 2024), and direct the parties to confer about ways to avoid the need for a round of briefing on a preliminary injunction.

Dated: August 13, 2024

Respectfully submitted,

*/s/ Vincent Levy*
Vincent Levy (NY0487)
Jack Millman (application pending)
Jessica Marder-Spiro (NY0589)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Ave
New York, New York
T: 646-837-5120
E: vlevy@hsgllp.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Vincent Levy, hereby certify that, pursuant to Fed. R. Civ. P. 5 and Local Rule 5.4, copies of the foregoing Memorandum and all documents in support of that Memorandum were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties who will not receive an electronic notification of filing on this 13th day of August, 2024.

*/s/ Vincent Levy*