IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALSTOM TRANSPORTATION INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL RAILROAD ADMINISTRATION, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 1:24-cv-02098-JMC |

**DEFENDANTS' CONSOLIDATED PARTIAL OPPOSITION
TO MOTIONS TO INTERVENE**

Two entities have moved to intervene as defendants in this case in which plaintiff seeks to vacate, in part, the nonavailability waiver issued by the Federal Railroad Administration ("FRA"). *See* ECF Nos. 23, 27 (motions to intervene). One proposed intervenor, DesertXpress Enterprises, LLC d/b/a/ Brightline West ("Brightline"), is the railroad operating partner and subrecipient of the Nevada Department of Transportation ("NDOT"). The latter was awarded a federal grant by the FRA to partially support the new Brightline West High-Speed Intercity Passenger Rail System between Las Vegas, NV and Southern California ("Brightline West project"), the project for which NDOT and Brightline sought the nonavailability waiver. ECF No. 27 at 1-2. Brightline is also the sponsor of the Brightline West project. *Id.* The other proposed intervenor, Siemens Mobility, Inc. ("Siemens"), is the manufacturer of high-speed trains and related equipment that Brightline selected to provide trains for the project and is the subject of the nonavailability waiver that plaintiff challenges in this case. ECF No. 23 at 7. Movants seek intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). Because movants fail to meet the requirements for intervention of right, their motions for

intervention of right should be denied. However, Defendants do not oppose movants' motions for permissive intervention.

A movant must satisfy four prerequisites to intervene as of right under Rule 24(a)(2): "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 192 (D.C. Cir. 2013). Here, movants fail the final requirement. Defendants and movants seek the same ultimate relief, *i.e.*, that the Court uphold FRA's final nonavailability waiver decision. *See* ECF No. 27 at 21 (indicating Brightline's interest in avoiding the "risk that the Court could vacate FRA's domestic nonavailability waiver decision"); ECF No. 23 at 17 (noting Siemens's "interests in FRA's Buy America waiver" and its actions "undertaken in reliance on the grant of that waiver"). And the government will adequately defend FRA's waiver decision, as demonstrated by its indication that it will be filing a motion to dismiss or alternatively a cross-motion for summary judgment and opposition to plaintiff's motion for summary judgment. ECF No. 15-1.

"When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978) (quoting *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)); *Wolfsen Land & Cattle Co. v. Pacific Coast Fed'n of Fishermen's Ass'ns,* 695 F.3d 1310, 1316 (Fed. Cir. 2012) ("If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises."). And this presumption is especially strong where a government entity defends its own policies against a legal challenge. *See Arakaki v. Cayetano*,

324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003); *see also id.* ("In the absence of a very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest").  Movants have an interest in upholding FRA's waiver decision, and the government is defending that decision so that it will be upheld.  Because the government is presumed to be adequately representing movants' interests under these circumstances, *id.*, and the movants have not alleged—let alone demonstrated—any "adversity of interest, collusion, or nonfeasance" at this time,[1] *Int'l Tank Terminals, Ltd.*, 579 F.2d at 967, intervention as of right is improper.

Rather, movants argue that the government may not represent their "economic," ECF No. 27 at 20, or "business," ECF No. 23 at 23, interests in the waiver decision.  But movants—like defendants—do not seek any relief beyond upholding the waiver decision.  Moreover, the Court's review of the waiver decision will be based on the administrative record before the agency when it issued the decision.  *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).  In that regard, the Court will uphold the agency action in response to plaintiff's challenge under the Administrative Procedure Act, 5 U.S.C. §706(2)(A) and (C), *see* Complaint Counts 1 and 2, based on the agency's explanation for that action, *see Little Sisters of Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 682 (2020); *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021).  In any event, "[w]here parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention."  *Arakaki*, 324 F.3d at 1086.  So, to the extent movants seek to advance certain legal arguments not raised by the government, this cannot support a claim of intervention as of right.  *Cf. Wisc. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 649 (7th Cir. 2013) ("[P]ost-hoc quibbles with the state's litigation strategy . . . do[] not provide the conflict of

---

[1] If circumstances change in a material way in the future, movants could seek intervention at that point.  *See United States v. Microsoft Corp.*, Nos. 98-1232, 98-1233, 2002 WL 319784, at *2 (D.D.C. Jan 28, 2002).

interest necessary to render the state's representation inadequate."). And for the same reasons, any disagreement by movants with the governments' litigation strategy does not justify intervention as of right. Brightline's and Siemens's motions to intervene of right should therefore be denied.

Regarding permissive intervention,[2] Fed. R. Civ. P. 24 provides in relevant part that, on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Rule further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Defendants do not oppose Brightline's and Siemens's motions to the extent they seek permissive intervention.[3]

Dated: September 13, 2024	Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

*/s/ Lisa A. Olson*
LISA A. OLSON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12200

---

[2] In the event the Court grants permissive intervention, Brightline and Siemens at that time can raise the issues they argue protect their "economic," ECF No. 27 at 20, or "business," ECF No. 23 at 23, interests.

[3] If the Court were to deny intervention, defendants would not oppose motions by Siemens and Brightline for leave to file amicus briefs, nor would it oppose the Court's consideration of movants' proposed filings in opposition to plaintiff's motion for summary judgment, *see* ECF No. 12, as amicus briefs.

                Washington, D.C. 20005
                Telephone: (202) 514-5633
                Email: Lisa.Olson@usdoj.gov
                *Counsel for Defendants*