IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALSTOM TRANSPORTATION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Civil Action No.: 1:24-cv-2098-JMC |
| FEDERAL RAILROAD ADMINISTRATION, | )<br>) |
| AMIT BOSE, Administrator of the<br>Federal Railroad Administration, | )<br>)<br>) |
| US DEPARTMENT OF TRANSPORTATION, | )<br>) |
| PETE BUTTIGIEG, Secretary of Transportation, | )<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| DESERTXPRESS ENTERPRISES, LLC d/b/a<br>BRIGHTLINE WEST, | )<br>)<br>) |
| Proposed Intervenor-Defendant. | )<br>) |

**REPLY IN SUPPORT OF MOTION TO INTERVENE BY
DESERTXPRESS ENTERPRISES, LLC d/b/a BRIGHTLINE WEST**

Proposed Intervenor-Defendant DesertXpress Enterprises, LLC doing business as Brightline West ("Brightline") respectfully submits this Reply in support of its request that the Court allow it to intervene in the above-captioned case.

As a threshold matter, there is no dispute that Brightline should be permitted to intervene in this action. Plaintiff Alstom Transportation, Inc. ("Alstom") does not oppose Brightline's motion to intervene, suggesting only that the Court condition intervention on avoiding duplication. Dkt. No. 29 at 1. The federal Defendants, Federal Railroad Administration ("FRA"); Amit Bose, Administrator of the FRA; the U.S. Department of Transportation; and

Pete Buttigieg, Secretary of Transportation (collectively, "Defendants"), disagree that Brightline is entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), but do not oppose Brightline's motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). Dkt. No. 30 at 2.

Likewise, there is no dispute that intervention by Brightline and proposed defendant-intervenor Siemens Mobility, Inc. ("Siemens") will not delay this action.  Both Brightline and Siemens have confirmed that the current briefing schedule can be maintained – with Brightline committing to file (a) its consolidated opposition to Plaintiff's motion for summary judgment combined with any cross-motion to dismiss or for summary judgment on or before October 15, 2024, *i.e.*, seven days after the Defendants produce the Administrative Record and file their opposition brief and (b) Brightline's reply brief in support of its cross-motion on the same date as Defendants by November 20, 2024.  *See* Dkt No. 27 at 12; Dkt. No. 23 at 12-13.

Alstom argues that the Court should "condition intervention on avoiding duplication" and direct that the intervenors "may only present to the Court arguments that [the Defendants] do not make." Dkt No. 29 at 2.  Brightline obviously has no interest in duplicating the Defendants' arguments, but it respectfully submits that it should not be restricted from expanding upon or supplementing the Defendants' arguments, as appropriate.  Alstom appears to contend that *Earthworks v. U.S. Dep't of Interior,* 2010 WL 3063143 (D.D.C. Aug. 3, 2010), requires a different result, but that case does not support its position.  *Earthworks* involved two federal rules regarding mining claims and mining sites on Federal lands located throughout the United States.  Participants in the mining industry moved to intervene as of right, and those motions were granted without restriction.  *Id.* at *1.  The State of Alaska then subsequently moved to intervene, and that motion was granted on a more limited basis.  *Id.* at 2.  The court found that

2

Alaska's interest in the case was attenuated and warranted restrictions on duplicating arguments made by other parties. *Id.*

Here, by contrast, the non-availability waiver at issue directly benefits the high-speed intercity rail project for which Brightline is the railroad operating partner and project sponsor. Its interest in the case is in no way attenuated and its participation should not be restricted, particularly where it has committed to adhere to the current briefing schedule.

Although Brightline's motion for permissive intervention is unopposed, Defendants oppose Brightline's motion to intervene insofar as Brightline seeks to intervene in this action as a matter of right under Rule 24(a). Even with regard to intervention of right, Defendants' opposition is limited to addressing the "adequacy of representation" factor for intervention of right under Rule 24(a), effectively conceding that Brightline meets the other three factors for intervention as a matter of right. *See* Dkt. No. 30 at 2; *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 320 (D.C. Cir. 2015). Contrary to Defendants' arguments, Brightline has met the minimal burden of establishing that no other party to this action will adequately represent Brightline's interests. *See Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (describing this burden as "not onerous"); *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (8th Cir. 1994) (stating that the burden of demonstrating inadequate representation is "minimal" and requires only a showing that the representation "may be" inadequate).

Contrary to the Government's suggestion, the fact that the relief sought by the Government and Brightline is the same – upholding FRA's non-availability waiver – does not mean that Defendants will adequately represent Brightline's interests or give the same primacy to Brightline's interests. The Government must represent the broad public interest, not Brightline's interests as a private party involved in this project. *See id.* at 1208. These interests

3

are not identical.  Indeed, Brightline has economic interests in the project that the Government does not share.  Brightline is investing in this project and relying on other external sources of funding unrelated to the Government.  It therefore has a direct economic interest in maintaining the current project timeline and avoiding delays that would contribute to the incurrence of additional financing costs.  *See Dimond*, 792 F.2d at 193 (concluding that proposed defendant-intervenor was seeking to protect "more narrow and 'parochial' financial interest" not shared by the public); *Ctr. for Biological Diversity v. U.S. Dep't of Interior*, 640 F. Supp. 3d 59, 68-69 (D.D.C. 2022) (concluding that prospective intervenors demonstrated that no existing parties adequately represented their interests where the Defendants' interests lay in the regulation and management of public lands while prospective intervenors' lay with their property and financial investments in their specific applications for permits to drill for oil and gas).

Accordingly, this Court should grant Brightline's motion to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, Brightline's unopposed motion for permissive intervention Federal Rule of Civil Procedure 24(b)(1)(B).

    Respectfully Submitted,

/s/ *Paul R. Hurst*
Paul R. Hurst (D.C. Bar No. 454757)
Steptoe LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 429-8089
Facsimile:  (202) 429-3902
Email: phurst@steptoe.com

Dated:  September 20, 2024

*Counsel for Proposed Defendant-Intervenor DesertXpress Enterprises, LLC, d/b/a Brightline West*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20 2024, a copy of Proposed Defendant-Intervenor DesertXpress Enterprises, LLC's reply was filed electronically. Notice of this filing will be sent to counsel of record for the parties and proposed Defendant-Intervenor through the Court's CM/ECF system as follows:

Lisa Ann Olson
U.S. Department of Justice
1100 L Street, N.W.
Room 12200
Washington, D.C. 20005
Email: lisa.olson@usdoj.gov

***Counsel of Record for Defendants the Federal Railroad Administration; Amit Bose, Administrator of the Federal Railroad Administration; the U.S. Department of Transportation; and Pete Buttigieg, Secretary of Transportation***

Vincent Levy
Jessica Marder-Spiro
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
14th floor
New York, N.Y. 10017
Email: vlevy@hsgllp.com
Email: jmarder-spiro@hsgllp.com

***Counsel of Record for Plaintiff Alstom Transportation, Inc.***

Andrew D. Prins
Philip J. Perry
William J. Seidleck
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Email: andrew.prins@lw.com
Email: philip.perry@lw.com
Email: william.seidleck@lw.com

***Attorneys for Proposed Defendant-Intervenor Siemens Mobility, Inc.***

    /s/ *Paul R. Hurst*
    Paul R. Hurst