THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALSTOM TRANSPORTATION INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL RAILROAD ADMINISTRATION; AMIT BOSE, solely in his Official Capacity as Administrator of the Federal Railroad Administration; U.S. DEPARTMENT OF TRANSPORTATION; PETE BUTTIGIEG, solely in his Official Capacity as Secretary of Transportation, <br><br> Defendants, <br><br> and <br><br> SIEMENS MOBILITY, INC., <br><br> Proposed Defendant-Intervenor. | Case No. 1:24-cv-02098-JMC |

**REPLY IN SUPPORT OF MOTION OF SIEMENS MOBILITY, INC.
TO INTERVENE AS DEFENDANT**

Proposed Defendant-Intervenor Siemens Mobility, Inc. ("Siemens") has moved for leave to intervene as a defendant to protect its interests in the outcome of this proceeding. *See generally* ECF No. 23. The Federal Defendants do not oppose Siemens's permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), but oppose intervention as of right under Fed. R. Civ. P. 24(a)(2). ECF No. 30, at 2. Plaintiff Alstom Transportation Inc. ("Alstom") does not oppose intervention, although it "suggests the Court might condition intervention on avoiding duplication." ECF No. 29, at 1. Siemens appreciates the Parties' non-opposition to its intervention, and replies briefly to note two points supporting the grant of its Motion to Intervene on the grounds originally stated therein.

First, although it matters little in light of all Parties' consent to permissive intervention, Siemens has also shown it is entitled to intervention as of right. It is uncontested that Siemens's request is timely; that Siemens possesses a legally protected interest in the challenged Buy America Act waiver; and that this Action may impair that interest. *See Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015). The Federal Defendants oppose intervention as of right solely on the ground that they will adequately protect Siemens's interests because they "seek the same ultimate relief" as Siemens, upholding the challenged waiver decision. ECF No. 30, at 2. But that is not the standard. It is uncontested that Siemens has distinct financial and business interests from the Federal Defendants, and that Siemens may raise distinct arguments and defenses, including, if merited, on appeal to protect its own distinct interests. *See* ECF No. 23, at 16-17. That easily suffices to show that the government may not adequately represent Siemens's interests.

The burden of establishing inadequate representation "is not onerous," and "[t]he applicant need only show that representation of his interest 'may be' inadequate, not that representation will

in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986); *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (same). In *Dimond*, the D.C. Circuit considered an analogous case in which both the proposed intervenor and the government sought to defend the validity of a statute, but the intervenor argued that the government "has no financial stake in the outcome" of the challenge, and that the intervenor may also present different arguments to the court. 792 F.2d at 192-93. The D.C. Circuit reversed the denial of intervention, explaining that the government "would be shirking its duty were it to advance th[e] narrower interest [of a private party] at the expense of its representation of the general public interest," and "[s]ince [the proposed intervenor's] interest cannot be subsumed within the shared interest of the citizens [at large], no presumption exists that the [government] will adequately represent its interests." *Id*. Similarly, in *Fund for Animals, Inc. v. Norton*, the D.C. Circuit found proposed intervenor's distinct interests supported intervention, even if there might be "partial congruence of interests" with existing intervenors, as even a "shared general agreement . . . does not necessarily ensure agreement in all particular respects" of the matter, and "tactical similarity of the present legal contentions of the [parties] does not assure adequacy of representation." 322 F.3d 728, 737 (D.C. Cir. 2003) (alterations in original). In short, courts look "skeptically on government entities serving as adequate advocates for private parties." *Crossroads*, 788 F.3d at 321.

Alstom also does not oppose Siemens's intervention, but "suggests the Court might condition intervention on avoiding duplication." ECF No. 29, at 2. Siemens will of course endeavor to avoid unnecessary duplication with the other Parties. Siemens is prepared to comply with any schedule ordered by the court; and to the extent the court makes minor amendments to the briefing schedule as suggested by Proposed-Intervenor Brightline—so that any Intervenors

2

would file their summary judgment papers seven days after the Federal Defendants' summary judgment motion is due, on October 15, 2024—this would facilitate the avoidance of duplication with the Federal Defendants and allow for Siemens's coordination with Proposed-Intervenor Brightline, should its intervention be granted. But it is both unwarranted and unnecessary for the Court to impose a mandatory duty for Siemens to avoid any possible overlap of arguments, *e.g.*, through mandatory conferral obligations. *See, e.g.*, *100Reporters LLC v. U.S. DOJ*, 307 F.R.D. 269, 285 (D.D.C. 2014) (declining to "impose limitations on any intervenor at this time"); *Oceans v. U.S. DOI*, No. 24-141, 2024 WL 1556005, at *5 (D.D.C. Apr. 10, 2024) (same); *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C. 2000) (finding that "the purposes of Rule 24 are best served by permitting the prospective intervenors to engage in all aspects of this litigation"). This is not a case like *Earthworks v. U.S. Dep't of Interior*, where the Court limited the *seventh* intervenor's arguments to "arguments that those other parties do not advance" among the other six intervenors and the federal defendants. No. 09-0197, 2010 WL 3063143, at *2 (D.D.C. Aug. 3, 2010). Such a condition is not warranted here.

For the foregoing reasons, Siemens submits that its Motion to Intervene should be granted.

Respectfully submitted,

Dated: September 20, 2024

/s/ *Philip J. Perry*
Philip J. Perry (DC Bar No. 434278)
Andrew D. Prins (DC Bar No. 998490)
William J. Seidleck (DC Bar No. 1602107)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: philip.perry@lw.com
andrew.prins@lw.com
william.seidleck@lw.com

Nicholas L. Schlossman (DC Bar No. 1029362)
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7300
Fax: (737) 910-7301
Email: nicholas.schlossman@lw.com

*Attorneys for Proposed Defendant-Intervenor Siemens Mobility, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties through the Court's CM/ECF system as follows:

Pete Buttigieg
Secretary of Transportation
1200 New Jersey Ave SE
Washington, DC 20003

U.S. Department of Transportation
1200 New Jersey Ave SE
Washington, DC 20003

Amit Bose,
Administrator of the Federal Railroad Administration,
1200 New Jersey Ave SE
Washington, DC 20003

Federal Railroad Administration
1200 New Jersey Ave SE
Washington, DC 20003

Lisa Ann Olson
U.S. Department of Justice
1100 L Street, N.W.
Room 12200
Washington, D.C. 20005

Merrick Garland
United States Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Civil Process Clerk
U.S Attorney's Office
555 Fourth Street NW
Washington, D.C. 20530

Vincent Levy
Jessica Marder-Spiro
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
14th floor
New York, NY 10017

*/s/ Philip J. Perry*
Philip J. Perry