IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALSTOM TRANSPORTATION INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:24-cv-02098-JMC |
| FEDERAL RAILROAD ADMINISTRATION, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**PROTECTIVE ORDER**

Upon consideration of federal defendants' Consent Motion for Protective Order, it is hereby ORDERED that:

1.  Subject to the requirements of this Protective Order, in connection with the production of the Administrative Record in this case, federal defendants are authorized to release government records, documents, and other information, including computerized or electronic information, that are considered by one or more parties to this action (including defendant-intervenors) to be confidential business information.

2.  The pages of such documents that federal defendants identify—pursuant to the designation by DesertXpress Enterprises, LLC d/b/a Brightline West ("Brightline")—as containing information subject to Paragraph 1 above are hereinafter referred to as "Covered Documents." All information derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, is hereinafter referred to as "Covered Information." Information obtained independently of any access to Covered Documents shall not

be considered "Covered Information" subject to this Protective Order even if the same or similar information is contained within Covered Documents.

3. Covered Documents and Covered Information may be used only for litigation purposes related to this action. All Covered Documents and all copies thereof must be returned to federal defendants or destroyed by the receiving party's counsel within 60 days after final judgment in this action, except that counsel for the parties may retain copies of their work-product and drafts thereof (such as motion papers), even if they contain information constituting or derived from Covered Information (the "Work-Product Carve-Out").[1] The term "final judgment" as used herein shall mean the entry of a judgment or dismissal that is final and no longer subject to any appeal. Even after final disposition of this action, this material remains subject to the terms of this Protective Order. Any other documents created by counsel for a receiving party, or anyone working with them or on their behalf, that contain Covered Information must be destroyed or returned within 60 days after final judgment in this action (subject to the Work Product Carve-Out). Counsel for the receiving party will certify to federal defendants' counsel in writing within 60 days after final judgment in this action that such documents have been returned or destroyed.

4. Covered Documents shall be marked by federal defendants—pursuant to Brightline's designation—prior to production as "SUBJECT TO PROTECTIVE ORDER (OUTSIDE COUNSEL ONLY)," on each page of the document asserted to contain information subject to Paragraph 1. For any Covered Documents, such as computer data, whose medium

---

[1] All Covered Information retained by a receiving party pursuant to the Work-Product Carve-Out shall be maintained with security procedures consistent with the protective order to ensure that only the parties listed in paragraph 5 have access to the documents, such as storing physical documents within secured office space with restricted access, storing electronic documents on services and devices with access limited to parties listed in paragraph 5.

makes such stamping impracticable, the file name, case, and any accompanying paper or e-mail cover letter shall be marked "SUBJECT TO PROTECTIVE ORDER (OUTSIDE COUNSEL ONLY)." Except as provided in paragraph 5 below, no person who obtains access to Covered Documents or Covered Information shall disclose those records or that information without further order of the Court.

5. Covered Documents and Covered Information may be disclosed only to the following persons:

    a. the Court and all Persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

    b. outside counsel for the non-Governmental parties and their paralegals and other professional personnel (including support and IT staff), agents, or independent contractors retained to assist in this Action, whose functions require access to the information. In-house counsel for and non-legal employees of the non-Governmental parties, however, are excluded and may not have access to any Confidential Information under this Order.

6. Any person listed in paragraph 5 (except the Court, counsel of record and their support staff, other outside counsel for a party and their support staff, and federal defendants' employees) to whom disclosure of Covered Documents or Covered Information is to be made must sign the Acknowledgment of Protective Order attached hereto before disclosure. Counsel of record and other outside counsel for a party shall ensure that their own support staff have been informed of the obligations imposed by this Protective Order before being given access to Covered Documents or Covered Information.

7. Those portions of any filings with the Court that include Covered Information shall be clearly marked with the following legend: "SUBJECT TO PROTECTIVE ORDER (OUTSIDE COUNSEL ONLY)." Those portions of any filings with the Court that include Covered Documents or Covered Information shall be filed under seal in accordance with Local Civil Rule 5.1(h).

8. The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are covered by this Protective Order.

9. Any party may, upon motion, seek modification of this Protective Order by the Court. Each party reserves the right to seek to modify the terms of this Protective Order, and each party reserves the right to oppose any motion to modify the terms of this Protective Order. No modification of this Order shall be effective until a revised Order reflecting the modification is entered by the Court..

10. This Protective Order does not constitute a ruling on the question of whether any particular record or information is properly discoverable or admissible, a ruling on any potential objection to the discoverability of any record or information, or a ruling that information designated by the Government as Covered Information meets the relevant standard for entry of a protective order under Rule 26.

11. A party's willingness to treat as "Covered" documents or information designated by defendants—pursuant to Brightline's designation—as Covered Documents or Information shall not be construed as an agreement that any such document or information is properly designated as a Covered Document or Covered Information. Any party may object in writing to the designation of documents or information as "Covered" at any time, even if they have treated

such document or information as "Covered" under the Protective Order. In the event of a dispute, the party's counsel shall continue to treat any disputed information or documents as "Covered" unless and until the Court orders otherwise. On any application challenging a designation, the burden shall be and remain on the party supporting the designation to establish that the Covered Information warrants the protections set forth herein under the "good cause" standards set forth in Federal Rule of Civil Procedure 26 for entry of a protective order.

12. Nothing in this Protective Order shall be construed as limiting:

    a. the right of the parties to introduce Covered Documents or Covered Information into evidence at trial, subject to the Rules of Evidence and such other protections as the presiding Judge may deem appropriate;

    b. the right of the parties to use or disclose their own Covered Documents or Confidential Information;

    c. the right of the parties to use or disclose documents or information that are not Covered Documents or Covered Information;

    d. disclosure by a party of Confidential Information that is (i) publicly known through no fault of that party; (ii) lawfully acquired by or known to that party independent of this action; or (iii) produced outside of the Protective Order in accordance with an order of this Court, or in accordance with defendants' obligations under the Freedom of Information Act; or

    e. the right of the parties to challenge the restrictions in this Protective Order.

DATED: January 7, 2025

                                                   JIA M. COBB
                                                   United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALSTOM TRANSPORTATION INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-02098-JMC |
| | ) |
| FEDERAL RAILROAD ADMINISTRATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, hereby acknowledge that:

    1.    I have read and understand the Protective Order (the "Order") entered in this action, and hereby agree to be bound by the terms of the Order.

    2.    I agree that I will use records and information protected by the Order only for purposes of this action, and not for any other purpose of any kind.

    3.    I agree that I will not disclose any documents or information protected by the Order to anyone except as expressly permitted by the Order or by further order of the Court.

    4.    I agree that within 60 days after final judgment in this action (as defined by the Order), or when I am no longer participating in, or assigned or retained to work on, this case, whichever comes earlier, records and information and all copies thereof protected by the Order will be destroyed or will be returned to defendants' counsel.

    5.    I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and shall be binding upon me unless and until they are modified by

further order of the Court.

   6.  I hereby consent to the personal jurisdiction for the United States District Court for the District of Columbia for the purpose of enforcement of the Order.

Date:                         _____
                           signature

                           _____
                           print name