## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALSTOM TRANSPORTATION INC., <br><br> *Plaintiff,* <br><br> -against- <br><br> FEDERAL RAILROAD ADMINISTRATION; AMIT BOSE, solely in his Official Capacity as Administrator of the Federal Railroad Administration; UNITED STATES DEPARTMENT OF TRANSPORTATION; PETE BUTTIGIEG, solely in his Official Capacity as Secretary of Transportation, <br><br> *Defendants,* <br><br> -and- <br><br> SIEMENS MOBILITY, INC.; DESERTXPRESS ENTERPRISES, LLC d/b/a BRIGHTLINE WEST, et al., <br><br> *Defendants-Intervenors.* | Civil Action No. 1:24-cv-2098 |

## PLAINTIFF'S RENEWED
## MOTION FOR PRELIMINARY INJUNCTION

Alstom hereby renews its motion for a preliminary injunction, based on the papers previously submitted to this Court. *See, e.g.*, Dkts. 51, 64. In November 2024, Alstom sought a preliminary injunction preventing disbursements of federal funds in connection with the Brightline West High-Speed Passenger Rail System (the "Project"), in view of the Federal Railroad Administration's ("FRA") unlawful waiver of Buy America requirements. At argument on that motion and the parties' cross-motions for summary judgment, the Government represented to this Court, without any qualification, that the "disbursements would not impact any argument that [it] would make or any ruling that [the Court] would make," Ex. A, Hearing Tr. 61:19–25 (Dec. 13, 2024), so the Court denied the preliminary injunction without prejudice. At the time, the Court

also "grant[ed] leave of plaintiff to reopen if circumstances change" based on the existing briefing. *See id.* at 83:9–12, 83:19–25.  Circumstances have changed.  Last week, counsel for the FRA stated for the first time that, should the Court order relief, it could not rule out taking a different position based on disbursements or the passage of time.  In view of this new qualification to the Government's prior representations to this Court, Alstom is constrained to renew its motion.

**1**.  On August 1, 2024, shortly after filing this suit, Alstom sought summary judgment requesting vacatur of the FRA's waiver of Buy America requirements, whereby the FRA permitted Brightline to contract with Siemens to purchase two trainsets built overseas despite Alstom being able to build all trainsets domestically.  Dkt. 12.  The Federal Defendants, joined by intervenors Brightline and Siemens, opposed and cross-moved for summary judgment.  Dkts. 35, 36, 39, 40, 44, 46.  While these motions were pending, Alstom moved to preliminarily enjoin a planned disbursement of federal funds and future disbursements so that the passage of time and intervening events did not prejudice Alstom's right to an appropriate remedy in this case.  Dkt. 51.

On December 13, 2024, the Court heard argument on the preliminary injunction and summary judgment motions.  At the hearing, the Government represented that making disbursements "would not impact any argument [it] would make or any ruling that [the Court] would make."  Hearing Tr. at 61:19–25; *see also id.* at 59:14–21 (Government represented that disbursements would not "impact the Court's remedy in this case").

Based on these representations, the Court was satisfied that the Government making disbursements "doesn't affect [the Court's] overall ruling in the case, and, therefore, [the Court could] just move quickly to the merits and resolve the summary judgment motions."  *Id.* at 83:13–17.  Alstom agreed that the Court could move quickly to the merits and need not decide its preliminary injunction motion at that time and reserved rights (*id.* at 62:7–10, 84:1–3); the Court

thus dismissed the motion "without prejudice," "granting leave of plaintiff to reopen [the motion] if circumstances change" (*id.* at 83:23–25). *See also id.* at 83:9–12 ("[I]f something changes all plaintiff needs to do is tell me, can you reopen it, and I'll rule on it. I'm not going to make the parties rebrief it."); *id.* at 85:3–4 (Brightline emphasizing it was "anxious to receive a decision").

**2.** It has been approximately one year since the Court heard oral argument on the parties' cross-motions. Roughly eight months later, Siemens issued its Q3 2025 Earnings Release, announcing revenue growth from "large orders" and "rolling stock," *see* Ex. B, Release at 3. Thereafter, on October 1, Alstom's counsel requested an update from the Government on the status of disbursements related to the Project, and confirmation that the Government maintained the same position that it had taken at the hearing. *See* Ex. C. After following up multiple times—and due to delays caused by the government shutdown and counsel for the Government informing Alstom's counsel that he was furloughed—counsel for the Government reaffirmed that disbursements and the passage of time would not affect the Court's power to make a ruling. *See id.*

But the Government added an important qualification. For the first time, the Government would not rule out considering both the fact that disbursements were made and the passage of time in determining how the FRA should exercise its discretion going forward, even if the Court vacates the waiver. *See id.* Alstom disagrees with this position, but given the Government's interposition of an important carve-out, as well as the practical effect that the passage of time could have on remedies, Alstom has no choice but to renew its motion to prevent irreparable harm.

\*      \*      \*

Thus, Alstom respectfully requests that the Court reopen and grant Alstom's motion for preliminary relief. *See, e.g.*, Dkt. 51.[1] As explained in prior briefing and argument, Alstom is

---

[1] Alstom incorporates by reference its prior briefing on its motion for preliminary injunction, *see* Dkts. 51, 64, as well as its statements at oral argument and its prior briefing on its motion for summary judgment.

likely to succeed on the merits given that the FRA plainly exceeded its statutory authority in granting a nonavailability waiver for two Siemens trainsets to be manufactured overseas *and* the FRA also acted arbitrarily and capriciously in granting the waiver. *E,g.*, Dkt. 12 at 11–25. Alstom will also suffer irreparable harm absent injunctive relief, as explained in prior briefing, and given the Government's new position and the passage of time. *E.g.*, Dkt. 51 at 4–7, Dkt. 64 at 17–22. Finally, the balance of equities and public interest favor Alstom, especially given the unlawful nature of the Government's actions. *E.g.*, Dkt. 51 at 8–9.

Dated:  December 8, 2025

Respectfully submitted,

*/s/ Vincent Levy*
Vincent Levy (NY0487)
Jack Millman (NY0588)
Jessica Marder-Spiro (NY0589)
Daniel Fahrenthold (NY0603)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Ave
New York, New York
T: 646-837-5120
E: vlevy@hsgllp.com

*Attorneys for Plaintiff*

4

## **CERTIFICATE OF SERVICE**

I, Vincent Levy, hereby certify that, pursuant to Fed. R. Civ. P. 5 and Local Rule 5.4, copies of the foregoing Motion and all documents in support of that Motion were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties who will not receive an electronic notification of filing on this 8th day of December, 2025.

*/s/ Vincent Levy*